UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SONICS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>ARTERIS, INC.,<br><br>    Defendant. | Case No: C 11-05311 SBA<br><br>**ORDER GRANTING MOTION TO STAY PENDING REEXAMINATION**<br><br>Docket 58 |

Sonics, Inc. ("Plaintiff") brings this patent infringement action against Arteris, Inc. ("Defendant") alleging infringement of U.S. Patent Nos. 6,182,183 (the " '183 patent"), 7,266,786 (the " '786 patent"), 7,277,975 (the " '975 patent"), 6,961,834 (the " '834 patent"), 7,191,273 (the " '273 patent"), 6,816,814 (the " '814 patent") and 7,299,155 (the " '155 patent") (collectively, the "patents-in-suit"). The parties are presently before the Court on Defendant's motion to stay pending reexamination. Dkt. 58. Plaintiff opposes the motion. Dkt. 66. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS Defendant's motion to stay pending reexamination. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I. **BACKGROUND**

On November 1, 2011, Plaintiff commenced the instant action against Defendant. Compl., Dkt. 1. Between April 13, 2012 and May 31, 2012, Defendant filed *inter partes* reexamination requests with the U.S. Patent and Trademark Office ("PTO") for each of the patents-in-suit. Pl.'s Opp. at 13. The PTO granted reexamination as to the '786 patent, the '975 patent, the '834 patent, the '814 patent and the '155 patent, and granted reexamination

as to 28 of the 31 asserted claims of the '273 patent (collectively, the "patents-in-reexamination"). Id. The PTO denied reexamination as to the '183 patent. Id.

On September 12, 2012, Defendant filed a motion to stay pending reexamination. Dkt. 58. On September 26, 2012, Plaintiff filed an opposition. Dkt. 66. A reply was filed on October 3, 2012. Dkt. 71.

## II.   LEGAL STANDARD

A district court has the discretion to stay judicial proceedings pending reexamination of a patent. See Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-1427 (Fed. Cir. 1988); Amado v. Microsoft Corp., 517 F.3d 1353, 1358 (Fed. Cir. 2008). In determining whether to grant a stay pending reexamination, courts consider: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Spectros Corp. v. Thermo Fisher Scientific, Inc., 2010 WL 338093, at *2 (N.D. Cal. 2010) (Armstrong, J.); Telemac Corp. v. Teledigital, Inc., 450 F.Supp.2d 1107, 1110 (N.D. Cal. 2006). A trial court's order staying an infringement suit pending the completion of re-examination proceedings is not appealable. See Gould v. Control Laser Corp., 705 F.2d 1340, 1341 (Fed. Cir. 1983), cert. denied, 464 U.S. 935 (1983).

## III.   DISCUSSION

### A.   Stage of the Litigation

The first factor examines "whether discovery is complete and whether a trial date has been set." There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of the PTO reexamination or reissuance proceedings, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery. Yodlee, Inc. v. Ablaise Ltd., 2009 WL 112857, at *2 (N.D. Cal. 2009) (Armstrong, J.). In fact, many courts have granted stays well beyond discovery's completion, well into litigation, and very close to trial. Id. at *3; see eSoft, Inc. v. Blue Coat Systems, Inc., 505 F.Supp.2d 784, 786 (D. Colo. 2007) (discussing cases).

Here, the instant action was commenced on November 1, 2011, less than 11 months before Defendant's motion to stay pending reexamination was filed. No dispositive motions have been filed, the *Markman* hearing has not occurred, and no trial date has been set. Though discovery has commenced, it is still within the early stages and a discovery cut-off date has not been established. At the time the instant motion was filed, the parties had not exchanged expert reports, no depositions had been taken, and no expert discovery had been conducted. Further, while the parties have engaged in some fact discovery, exchanged preliminary infringement and invalidity contentions, and filed claim construction briefs, the requested stay is being sought at a relatively early stage of litigation when no substantive proceedings have taken place and no pretrial or trial deadlines have been established. Accordingly, the Court finds that this factor weighs in favor of a stay. See AT & T Intellectual Property I v. Tivo, Inc., 774 F.Supp.2d 1049, 1052 (N.D. Cal. 2011) (Armstrong, J.).

**B.     Simplification of the Issues and Trial**

The second factor examines "whether a stay will simplify the issues in question and trial of the case." As explained by the Federal Circuit: "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceeding)." Gould, 705 F.2d at 1342; see also Ho Keung Tse v. Apple Inc., 2007 WL 2904279, at *3 (N.D. Cal. 2007) (Armstrong, J.) ("Waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims.").

Here, should the PTO cancel any of the asserted claims of the patents-in-reexamination or narrow any of the asserted claims in the patents-in-reexamination, the scope of this litigation may be significantly simplified. See AT & T Intellectual Property I, 774 F.Supp.2d at 1053; Ho Keung Tse, 2007 WL 2904279, at *3. The statistics proffered by Defendant show that it is quite likely that the reexamination process will alter the patent

claims at issue in this case in some respect. When the PTO decides a patent should undergo *inter partes* reexamination, the PTO cancels all claims in approximately 42% of all reexaminations and modifies claims in approximately 47% of all reexaminations. Kim Decl. ¶ 14, Exh. G. In other words, in 89% of all reexaminations, the PTO either cancels or modifies the claims at issue. Thus, waiting for the outcome of the reexamination proceedings could eliminate the need for trial on some of the patent claims alleged in the complaint, or if the asserted claims in the patents-in-reexamination survive reexamination, facilitate the trial by providing the Court with the opinion of the PTO and clarifying the scope of the claims. Ho Keung Tse, 2007 WL 2904279, at *3 (citing cases).

Given the stage of the litigation, the Court is not familiar with the technology at issue in this case. Thus, regardless of the outcome of the reexamination proceedings, the Court's interest in simplifying the proceedings by waiting for the PTO to reexamine six of the seven patents-in-suit weighs in favor of granting a stay. If the PTO finds that some or all of the claims of the patents-in-reexamination are invalid or subject to modification, the Court will have wasted resources and the parties will have expended funds addressing invalid claims or claims modified during reexamination. Ho Keung Tse, 2007 WL 2904279, at *4. On the other hand, even if every claim survives reexamination unchanged, this case will still be simplified because Defendant will be estopped from asserting any invalidity arguments it could have raised in the *inter partes* reexamination proceedings. AT & T Intellectual Property I, 774 F.Supp.2d at 1053. Further, if the PTO upholds the validity of the patents-in-reexamination, this is strong evidence that a district court must consider in assessing whether the party asserting invalidity has met its burden of clear and convincing evidence. Ho Keung Tse, 2007 WL 2904279, at *4. Moreover, the PTO's expert opinion will provide guidance for the Court on the pertinent issues. Indeed, there are no issues in the case unrelated to patent infringement for which the PTO's expertise resulting from the reexamination would not be helpful. Therefore, it is likely that the *inter partes* reexamination will at least streamline this case.

To the extent Plaintiff argues that this factor weighs against a stay because

reexamination has been denied as to the '183 patent and denied for 3 of the 31 claims of the '273 patent, the Court disagrees. When there are overlapping issues between the reexamined patents and other non-reexamined patents-in-suit, courts have found that staying the entire case is warranted. See KLA-Tencor Corp. v. Nanometrics, Inc., 2006 WL 708661, at *4 (N.D. Cal. 2006); Methode Elec., Inc. v. Infineon Technologies Corp., 2000 WL 35357130, at *3 (N.D. Cal. 2000). Here, it is undisputed that all of the patents-in-suit involve similar "system on chip technology." See Pl.'s Opp. at 8. Further, Plaintiff did not dispute the following assertions made by Defendant in its moving papers: the products accused of infringing the '183 patent (i.e., the non-reexamined patent) are also accused of infringing several of the patents-in-reexamination, two of the named inventors of the '183 patent are also named inventors of at least one of the patents-in-reexamination, and moving forward with this litigation in a piecemeal fashion would require the time and expense of educating a judge and jury twice on similar technology and would result in duplicative discovery.

The Court finds that staying the entire action pending reexamination of six of the seven patents-in-suit is warranted under the circumstances. A stay will streamline and simplify the issues in question and trial of the case, which serves the interest of judicial economy. A stay will also reduce the burden of litigation on the parties and promote efficiency. Accordingly, the Court concludes that this factor weighs in favor of a stay.

### C. Prejudice and Tactical Concerns

The third factor examines "whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." Plaintiff argues that the delay inherent in reexamination is itself prejudicial; noting that the reexamination process could take at least three years to complete. Pl's Opp. at 11. However, the prejudice claimed by Plaintiff applies equally to any case where reexamination is sought. It is for that reason that courts have refused to find undue prejudice based on delay caused by the reexamination process. See AT & T Intellectual Property I, 774 F.Supp.2d at 1054 (citing cases). Moreover, parties having protection under the patent statutory framework may not complain of the

rights afforded to others by that same statutory framework. Id. Here, Defendant is legally entitled to invoke the reexamination process, and the PTO has already decided to reexamine six of the seven patents-in-suit. Id.

Because delay inherent in the reexamination process does not constitute undue prejudice, courts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent. AT & T Intellectual Property I, 774 F.Supp.2d at 1054. Plaintiff argues that Defendant "tactically delayed" in seeking reexamination of the patents-in-suit and in moving for a stay once the reexamination requests were granted by the PTO. Pl.'s Opp. at 12-13. The Court finds that Plaintiff has failed to demonstrate that Defendant unduly delayed in seeking reexamination of the patents-in-suit or in moving to stay the instant action pending reexamination. This is not the type of case where reexamination was sought on the eve of trial or after protracted discovery. See Fresenius Medical Care Holdings, Inc. v. Baxter Intern., Inc., 2007 WL 1655625, at *4 (N.D. Cal. 2007) (Armstrong, J.). Moreover, there is no evidence before the Court to suggest that the delay identified by Plaintiff was tactically motivated. Absent such a showing, it does not appear that Defendant has engaged in dilatory tactics, particularly since the last reexamination request was filed one week after Defendant served its preliminary invalidity contentions. See Ho Keung Tse, 2007 WL 2904279, at *4.

Finally, Plaintiff argues that a stay will be particularly prejudicial because Defendant, a close competitor, will be allowed to continue selling allegedly infringing products during the stay period. Pl.'s Opp. at 11-12. However, Plaintiff's legal and equitable remedies will be available when the stay is lifted because a stay does not foreclose Plaintiff from any remedy. See Laitram Corp. v. NEC Corp., 163 F.3d 1343, 1346 (Fed. Cir. 1998). Indeed, Plaintiff will be fully compensated for delays if it prevails at trial following reexamination. See Nanometrics, Inc. v. Nova Measuring Instruments, Ltd., 2007 WL 627920, at *3 (N.D. Cal. 2007) (Armstrong, J.); Ho Keung Tse, 2007 WL 2904279, at *4. While competition based on alleged infringement can weigh against a stay under certain circumstances, see Robert Bosch Healthcare Systems, Inc. v. Cardiocom,

LLC, 2012 WL 6020012, at *3 (N.D. Cal. 2012), Plaintiff has failed to demonstrate that competition weighs against a stay in this case. Accordingly, because Plaintiff has not shown that it will be unduly prejudiced or that it will be subject to a clear tactical disadvantage if a stay is imposed, the Court finds that this factor weighs in favor of a stay.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to stay pending reexamination is GRANTED. This action is STAYED pending final exhaustion of all pending reexamination proceedings.

2. The Clerk shall ADMINISTRATIVELY CLOSE the file.

3. The parties are instructed to submit status reports to the Court every six months, apprising the Court of the status of the pending reexamination proceedings. The parties are advised that the failure to submit such status reports could result in dismissal of this action.

4. Upon final exhaustion of all pending reexamination proceedings, including any appeals, the parties shall jointly submit to the Court, within two weeks, a letter indicating that all appeals have been exhausted, and requesting that this action be reopened and a case management conference be scheduled.

5. This Order terminates Docket 58.

IT IS SO ORDERED.

Dated: 2/8/13

                                            SAUNDRA BROWN ARMSTRONG
                                            United States District Judge